Mark S. Scheffer, Esquire
Identification Nos. 59271
Law Offices of Mark S. Scheffer
Suite 1B, 50 West Welsh Pool Rd.                Attorney for Plaintiff
Exton, PA 19341

| | | |
|---|---|---|
| TONY JACKSON | : | CIVIL ACTION |
| v. | : | NO. |
| PLANCO | : | JURY TRIAL DEMANDED |

## COMPLAINT

1. Plaintiff TONY JACKSON, is an individual and citizen of the Commonwealth of Pennsylvania residing therein at 7028 Greenwood Avenue, Upper Darby, PA 19082.

2. Defendant PLANCO, is a corporation engaged in an industry affecting commerce with a place of business located at 1500 Liberty Ridge Drive, Suite 100, Wayne, PA 19087.

3. The causes of action set forth herein arise under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, *et seq*. ("ADA"), the Family & Medical Leave Act of 1993, 29 U.S.C. §2601, *et seq.* ("FMLA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951 *et seq.* ("PHRA").

4. The District Court has federal question jurisdiction pursuant to 28 U.S.C. §§1331 and §1367.

5. At all times material hereto, Defendant acted by and through its authorized agents, servants, and/or employees, who in turn were acting within the scope of their employment with Defendant and in furtherance of Defendant's business.

6. In August of 2007 Plaintiff filed a complaint of disability discrimination and retaliation against Defendant with the Pennsylvania Human Relations Commission ("PHRC"). A copy of Plaintiff's PHRC Compliant is attached hereto as Exhibit "1."

7. The Complaint was dual-filed with the Equal Employment Opportunity Commission ("EEOC").

8. At the time of filing of the instant action, the PHRC had not rendered a decision on Plaintiff's PHRC Complaint.

9. The EEOC issued a Right-to-Sue on the dual-filed complaint on September 11, 2008.

10. Plaintiff has fully complied with all administrative prerequisites prior to filing this action.

11. Plaintiff began his employment with Defendant in a temporary capacity and was hired as a full time employee by Defendant in December of 2004.

12. Plaintiff worked for Defendant as a Lotus Notes System Administrator.

13. At relevant times herein, Plaintiff was impaired by, and suffered from, a series of illnesses including sleep apnea, hypertension, gout, congestive heart failure, cardiomyopathy and atrial fibrillation.

14. Plaintiff also experienced two strokes as a consequence of the treatments he received for his atrial fibrillation.

15. As a result of his congestive heart failure and complications relating to a cardioversion procedure to treat his atrial fibrillation, Plaintiff was on medical leave and out of work from January through March of 2006, at which time Plaintiff resumed work in a part time capacity working from his home.

16. Plaintiff returned to work in a full time capacity in April of 2006.

17. In March 2006, Plaintiff's direct supervisor Eric Palladino was replaced by Christie Vazquez.

18. In June of 2006, Plaintiff's department was reorganized and Plaintiff was placed under the general supervision of a newly hired supervisor/manager, Steve Olshevski.

19. As a result of further complications and hospitalization, Plaintiff was out of work from September 17 through September 21, 2006.

20. As a result of Plaintiff's illnesses and related time away from work, both Steve Olshevski and Christie Vazquez began harassing Plaintiff and complaining about the quality of his work.

21. Olshevski and Vasquez took adverse action against Plaintiff as a result of Plaintiff's taking time off for his serious health condition and/or disability, said actions including giving Plaintiff a bad review and writing him up for alleged poor performance.

22. On January 19, 2007 Plaintiff received a formal write up from Christie Vazquez and Steve Olshevski.

23. On March 7, 2007, Plaintiff complained to Mary Creedon of Human Resources that he was being discriminated against because of his disability and medical conditions.

24. By correspondence dated April 30, 2007, Plaintiff was informed that an investigation conducted by Human Resources concluded that there was no evidence of discrimination.

25. On May 1 and 2, 2007, Plaintiff briefly accessed an internet website to investigate certain gun accessories he was interested in.

26. Other employees also accessed various internet websites with no adverse consequences.

27. Plaintiff's interest and expertise in guns was well known by the Defendant.

28. Plaintiff had provided firearms training to employees of Defendant, including his supervisor Christie Vazquez.

29. Before complaining to Human Resources about the discrimination he was experiencing, Plaintiff had previously accessed similar websites with no adverse consequences.

30. On May 2, 2007, Plaintiff received a voice mail at his home telephone informing him that pending an investigation into his access of the internet gun website, he was not permitted to return to work or remotely access any of Defendant's systems.

31. On May 8, 2007, Defendant terminated Plaintiff.

32. It is believed and therefore averred that Defendant changed its policy regarding use of the internet by employees after Plaintiff's termination. The policy in effect when Plaintiff was suspended on May 2, 2007, contained in the Planco, LLC Employee Manual, simply notes that one may be terminated for "Internet Violations," and noted that "[d]ownloading and dispersion of inappropriate material and/or pornography is grounds for immediate termination." Plaintiff did not violate the policy.

33. Defendant's treatment of Plaintiff was discriminatory and/or retaliatory.

34. As a direct and proximate result of Defendant's discriminatory and wrongful conduct as set forth above, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings, a loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures and attorney's fees and costs.

### COUNT I - ADA

35. Plaintiff incorporates herein by reference Paragraphs 1 through 34 above as if set forth herein in their entirety.

36. As a result of the aforementioned impairments and illnesses, and at pertinent times herein, Plaintiff was a qualified individual with a disability within the meaning of the ADA, and had substantial limitations in the major life activities of, e.g., walking and cognitive functioning, though his limitations did not prevent Plaintiff from doing his job.

37. Defendant perceived Plaintiff as an individual with a disability within the meaning of the ADA.

38. Plaintiff's being an individual with a disability, Defendant's perception of Plaintiff as being an individual with a disability, and/or Plaintiff's complaints of discrimination on the basis of disability was a motivating factor in Defendant's disparate treatment of Plaintiff.

39. Defendant, by the above referenced actions, has violated the ADA.

40. As a direct and proximate result of the above-referenced actions Defendant is liable to Plaintiff under the ADA for the injuries, damages and losses set forth herein.

### COUNT II – FMLA

41. Plaintiff incorporates herein paragraphs 1 through 40 above as if set forth herein in their entirety.

42. Plaintiff, by virtue of his hours worked and length of service, was entitled to the protections of the FMLA during his medical leaves and/or absences noted above.

43. As a result of his serious medical condition within meaning of the FMLA, Plaintiff not only took the leaves referenced above, but also had to take time off for medical treatment.

44. Plaintiff's taking time off for medical leave and/or treatment for his serious medical condition was protected from adverse action under the FMLA.

45. The actions of Defendant herein were motivated by Plaintiff's exercise of his rights under the FMLA and/or the time he took off for absences or treatment covered by the FMLA.

46. Defendant, by the above referenced actions, has violated the FMLA.

47. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has incurred, and may in the future incur, loss of wages, benefits and other economic damage, as well as attorneys' fees and costs.

## COUNT III- PHRA

48. Plaintiff incorporates herein paragraphs 1 through 47 above as if set forth herein in their entirety.

49. Defendant, by the above referenced actions, has violated the PHRA.

50. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against defendants:

(a) declaring Defendant's actions to be in violation of the ADA, the FMLA and the PHRA:

(b) awarding compensatory damages to Plaintiff to make Plaintiff whole for all lost earnings, past and future, which Plaintiff has suffered and may suffer as a result of Plaintiff's improper and unlawful treatment, including, but not limited to, past and future wages, lost earning capacity, pension and other lost benefits;

(c) awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(d) awarding punitive and/or liquidated damages to Plaintiff;

(e) awarding Plaintiff costs of this action, together with reasonable attorneys' fees;

(f) awarding Plaintiff such other damages as are appropriate under the ADA, the FMLA and the PHRA: and,

(g) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,


MARK S. SCHEFFER, ESQUIRE
Attorney for Plaintiff

DATE: