IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Tony Jackson,                       :
                                    :
    Plaintiff,              :   Case No. 2:08-cv-05144-SD
                                    :
v.                                  :   Judge Stewart Dalzell
                                    :
PLANCO, L.L.C.,                     :
                                    :
    Defendant.              :
                                    :
                                    :
                                    :

### PLANCO, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant PLANCO, L.L.C. ("PLANCO"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Tony Jackson ("Plaintiff") in accordance with the numbered paragraphs thereof, as follows:

1.    PLANCO admits that its records reflect that the allegations contained in Paragraph 1 are correct.

2.    Admitted.

3.    Admitted in part; denied in part. PLANCO admits that Plaintiff purports to bring this action under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA"). PLANCO denies that Plaintiff has a viable cause of action under the ADA, FMLA, and/or PHRA or any claim to the relief or damages he seeks. PLANCO denies any remaining allegations in Paragraph 3.

4.    Admitted.

5. The allegations contained in Paragraph 5 constitute conclusions of law to which no response is required. To the extent a response is required, PLANCO denies the allegations in Paragraph 5.

6. Admitted in part; denied in part. PLANCO admits that Plaintiff filed a complaint of disability discrimination and retaliation against PLANCO with the Pennsylvania Human Relations Commission ("PHRC"). PLANCO denies that Plaintiff has a viable cause of action for disability, retaliation, or any claim to the relief or damages he seeks. PLANCO denies any remaining allegations in Paragraph 6.

7. Admitted in part; denied in part. PLANCO admits that Plaintiff dual-filed his complaint with the Equal Employment Opportunity Commission ("EEOC"). PLANCO denies that Plaintiff has a viable cause of action for disability, retaliation, or any claim to the relief or damages he seeks. PLANCO denies any remaining allegations in Paragraph 7.

8. PLANCO is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Denied as stated. PLANCO admits that the EEOC issued a Right-to-Sue letter dated September 11, 2008.

10. The allegations contained in Paragraph 10 constitute conclusions of law to which no response is required. To the extent a response is required, PLANCO denies the allegations in Paragraph 10.

11. Admitted.

12. Admitted.

13. PLANCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was impaired by, and suffered from, a series of illnesses

including sleep apnea, hypertension, gout, congestive heart failure, cardiomyopathy, and atrial fibrillation. Accordingly, PLANCO denies the allegations in Paragraph 13.

14. PLANCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff suffered two strokes as a consequence of the treatments he received for his atrial fibrillation. Accordingly, PLANCO denies the allegations in Paragraph 14.

15. Admitted in part; denied in part. PLANCO admits that Plaintiff was on medical leave and out of work from January 17, 2006 through March 3, 2006. PLANCO also admits that thereafter Plaintiff performed part-time work from his home. PLANCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations that as a result of congestive heart failure and complications relating to a cardioversion procedure to treat atrial fibrillation that Plaintiff had to go on medical leave. Accordingly, PLANCO denies this and all remaining allegations contained in Paragraph 15.

16. Admitted.

17. Admitted in part; denied in part. PLANCO admits that in March 2006, Plaintiff's direct supervisor, Eric Palladino, accepted another job within PLANCO. PLANCO denies that Mr. Palladino was replaced by Ms. Vazquez. By way of further answer, PLANCO states that Ms. Vazquez had been Plaintiff's Team Leader since June 2005.

18. Admitted in part; denied in part. PLANCO admits that in July 2006, Steve Olshevski became the Assistant Director of Technical Operations and, as such, Plaintiff's manager. PLANCO denies that Mr. Olshevski's arrival in the department constituted a "reorganization."

19. Admitted in part; denied in part. PLANCO admits that Plaintiff was out of the office on medical leave from September 18-22, 2006 and September 25-29, 2006. PLANCO

3

lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was out of work from September 17 through 21, 2006 because of complications and hospitalization. Accordingly, PLANCO denies this allegation.

20. Denied.

21. Denied.

22. Admitted.

23. Admitted in part; denied in part. PLANCO admits that on or about March 22, 2007, Plaintiff told Mary Creedon, Human Resources, that he believed that Mr. Olshevski was "harassing" him due to his medical condition(s). PLANCO denies that Plaintiff was discriminated against for any reason, including his alleged disability and medical conditions. PLANCO denies any remaining allegations in Paragraph 23.

24. Admitted.

25. Denied as stated. By way of further answer, PLANCO states that on May 2, 2007, knowing that the internet filter was down, Plaintiff accessed multiple internet websites regarding guns and gun accessories. PLANCO denies the remaining allegations in Paragraph 25.

26. Denied.

27. Denied.

28. Admitted in part; denied in part. PLANCO admits that during the course of the investigation into Plaintiff's unauthorized access to blocked internet sites, PLANCO became aware that Plaintiff provided firearms training to one or more employees, including Ms. Vazquez. PLANCO denies the remaining allegations in Paragraph 28.

29. Admitted in part; denied in part. PLANCO admits that during the course of its investigation in May 2007, Plaintiff admitted that he had previously visited gun websites when

4

he knew the internet filter to be disabled. PLANCO denies having knowledge of this previous activity prior to Plaintiff's admission. PLANCO denies any remaining allegations in Paragraph 29.

    30.    Admitted. By way of further answer, PLANCO states that Plaintiff was placed on paid, administrative leave pending the investigation of his unauthorized access to these blocked internet sites.

    31.    Admitted.

    32.    Denied.

    33.    Denied.

    34.    Denied.

## **COUNT I – ADA**

    35.    PLANCO incorporates by reference its answers to Paragraphs 1 through 34 above as if set forth herein in their entirety.

    36.    The allegations in Paragraph 36 are conclusions of law to which no response is required. To the extent a response is necessary, PLANCO denies the allegations in Paragraph 36.

    37.    The allegations in Paragraph 37 are conclusions of law to which no response is required. To the extent a response is necessary, PLANCO denies the allegations in Paragraph 37.

    38.    Denied.

    39.    Denied.

    40.    Denied.

## COUNT II – FMLA

41. PLANCO incorporates by reference its answers to Paragraphs 1 through 40 above as if set forth herein in their entirety.

42. The allegations in Paragraph 42 are conclusions of law to which no response is required. To the extent a response is necessary, PLANCO denies the allegations in Paragraph 42.

43. PLANCO is without sufficient knowledge or information to admit or deny this averment. Accordingly, PLANCO denies this allegation.

44. The allegations in Paragraph 44 are conclusions of law to which no response is required. To the extent a response is necessary, PLANCO denies the allegations in Paragraph 44.

45. Denied.

46. Denied.

47. Denied.

## COUNT III – PHRA

48. PLANCO incorporates by reference its answers to Paragraphs 1 through 47 above as if set forth herein in their entirety.

49. Denied.

50. Denied.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the foregoing, PLANCO states the following affirmative and other defenses to Plaintiff's claims:

1. Plaintiff's claims are barred in whole, or in part, by the applicable statutes of limitations.

2. Plaintiff's allegations constitute discrete acts of discrimination and do not establish a continuing violation.

3. Plaintiff never requested a reasonable accommodation or, alternatively, failed to participate in the interactive process. To the extent that Plaintiff requested accommodation for any alleged disability, PLANCO complied in full with its obligations under the ADA and/or PHRA.

4. The actions taken by PLANCO did not constitute a willful or bad faith violation of the FMLA.

5. Plaintiffs' alleged adverse actions in support of his FMLA claim are barred in whole or in part to the extent they took place more than two years prior to the filing date of his Complaint.

6. Plaintiff's claims are barred by his intentional or unintentional misconduct, violation of company policies, and other conduct justifying his separation from PLANCO.

7. Plaintiff's claims are barred in whole or in part by the doctrine of after acquired evidence.

8. Plaintiff's claims for damages, if any, are barred in whole or in part to the extent he failed to mitigate his damages.

9. Plaintiff has not presented any factual averments sufficient to support any claim for punitive damages.

10. Plaintiff fails to state any basis for asserting compensatory damages, liquidated damages, or injunctive relief.

WHEREFORE, PLANCO requests that this Court dismiss Plaintiff's Complaint with prejudice; that it enter judgment in PLANCO's favor and against Plaintiff; and that this Court award PLANCO its costs and attorneys' fees incurred in defending this action and such other relief as it deems appropriate.

                                    Respectfully submitted,

                                    */s/ Darcy Walker Krause*
                                    James N. Boudreau, (PA #77891)
                                    Darcy Walker Krause, (PA #202511)
                                    **LITTLER MENDELSON, P.C.**
                                    Three Parkway
                                    1601 Cherry Street, Suite 1400
                                    Philadelphia, PA  19102.1321

                                    Attorneys for Defendant
Date: January 13, 2009                        PLANCO, L.L.C.

**CERTIFICATE OF SERVICE**

I, Darcy Walker Krause, do hereby certify that I have on January 13, 2009, caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Mark S. Scheffer, Esquire
Identification Nos. 59271
Law Offices of Mark S. Scheffer
Suite 1B, 50 West Welsh Pool Rd.
Exton, PA 19341

*/s/ Darcy Walker Krause*
Darcy Walker Krause